KUHN, J.,
dissenting.
1 í Subsection B(4) of Louisiana Constitution Article 1, Section 4 provides, “Property shall not be taken or damaged by any private entity authorized by law to expropriate, except for a public and necessary purpose....”
ExxonMobil Pipeline Company does not have to prove that the public will directly use an access road in order to establish a public purpose. ExxonMobil has established a public purpose; ie., that it needs access to its ethylene pipeline to perform inspections and maintenance of the valve site to ensure the integrity and safe operation of the pipeline and the safety of the public. Such maintenance is required as addressed in 49 C.F.R. 195.452. The access road is needed to perform these statutorily-required inspections.
ExxonMobil does not have to establish a greater public interest than Union Pacific Railroad Company because it has been expressly granted the right to traverse railroads pursuant to La. R.S. 45:254, which provides:
All persons included in the definition of common carrier pipe lines as set forth *251 in R.S. 45:251 have the right of expropriation with authority to expropriate private property under the state expropriation laws for use in its common carrier pipe line business, and have the right to lay, maintain and operate pipe lines, together with telegraph and telephone lines necessary and incident to the operation of these pipe lines, over private property thus expropriated, and have the further right to lay, maintain and operate pipe lines along, across over and under any navigable stream or public highway, street, bridge or other public place, and also have the authority under light of expropriation herein conferred, to cross railroads, street railways, and 12other common carrier pipe lines by expropriating property necessary for the crossing under the expropriation laios of this state.
Emphasis added.
The reference to the right to cross railroads is not expressly limited to the right to lay pipelines that cross railroads; the language is broad enough to encompass the right of passage or access across a railroad. Further, ExxonMobil’s proposed use of the property at issue does not interfere in any significant way with Union Pacific’s operations and continued use of the property.
Union Pacific also asserts that because ExxonMobil has access to the pipeline by an alternative route, its access across the Union Pacific property is not necessary. However, the term “necessary” in the context of an expropriation proceeding refers to the necessity of purpose for the expropriation, not the necessity of a specific location. Calcasieu-Cameron Hosp. Service Dist. v. Fontenot, 628 So.2d 75, 78 (La.App. 2d Cir.1993), writ denied, 94-0168 (La.3/18/94), 634 So.2d 854. An expropriating authority enjoys a presumption that the route chosen is the best and most feasible. Texas Eastern Transmission Corp. v. Bowie Lumber Co., 176 So.2d 735, 740. Further, Union Pacific has not established that ExxonMobil is guilty of fraudulent practices, bad faith, or conduct or practices amounting to an abuse of the privilege of expropriation. Id. at 739-49.
Here, the record also shows the trial court did not give adequate consideration to the evidence addressing ExxonMobil’s safety considerations regarding the location of the access road. ExxonMobil presented testimony addressing the potential risk of harm to the public that could be caused by constructing an access road on top of and parallel to the pipeline on its existing servitude. Thus, ExxonMobil has demonstrated the necessity of its proposed expropriation as well as a public purpose.